Terry L. GOICOECHEA,
Plaintiff-Appellant,

v.

The MOUNTAIN STATES TELEPHONE
AND TELEGRAPH COMPANY,
Defendant-Appellee.

No. 82–3001.

United States Court of Appeals,
Ninth Circuit.

Decided March 1, 1983.

**560**

Donald W. Lojek, Parkinson, Lojek & Penland, Boise, Idaho, for plaintiff-appellant.

B. Newal Squyres, Jr., Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, Idaho, for defendant-appellee.

Before KILKENNY, WALLACE, and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge.

This is an appeal from an order granting summary judgment for defendant, Mountain States Telephone and Telegraph Company, on a complaint alleging employment discrimination in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.* Plaintiff Goicoechea's employment as a cable splicer was terminated. as a result of her refusal to comply with the defendant's requirement that employees in her job category travel for extended periods. She claims that this condition of employment had a discriminatory impact on females because a significant segment of the workforce consists of women who, like her, are divorced mothers with custody of minor children. Goicoechea argues that the adverse effect of travel requirements lies in their interference with these women's childcare responsibilities.

■ Assuming that it would be possible for the plaintiff to establish a prima facie case of sex discrimination based on the adverse impact of such a policy on women, *see Gifford v. Atchison, Topeka & Santa Fe Railway Co.,* 685 F.2d 1149 (9th Cir.1982), we still must conclude that the employer here was entitled to summary judgment. There is no dispute that travel had a "manifest relationship" to the plaintiff's job as a cable splicer. *See Connecticut v. Teal,* —— U.S. ——, ——, 102 S.Ct. 2525, 2531, 73 L.Ed.2d 130 (1982); *Dothard v. Rawlinson,* 433 U.S. 321, 329, 97 S.Ct. 2720, 2727, 53 L.Ed.2d 786 (1977). Although the plaintiff would ordinarily have the opportunity to attempt to prove that the employer's business interest could be served without discriminatory effect, *Dothard,* 433 U.S. at 329, 97 S.Ct. at 2727, the defendant in this case has a statutory defense. It is undisputed that employees' travel assignments were made on the basis of a seniority system which was adopted without discriminatory intent. The travel requirement is therefore lawful under the express provisions of 42 U.S.C. § 2000e–2(h). *Pullman-Standard v. Swint,* —— U.S. ——, ——, 102 S.Ct. 1781, 1784, 72 L.Ed.2d 66 (1982).

■ The defendant offered plaintiff two lesser paying, alternative jobs which did not require travel, and also permitted her to defer a scheduled trip because of her childcare problem. Nevertheless, plaintiff asserts that the employer's efforts were insufficient because it was required to make a "reasonable accommodation," as defined in cases involving discrimination on the basis of religious observance or practice, to her childcare duties. "Reasonable accommodation" of employees' religious observance or practice is now mandated by statute. 42 U.S.C. § 2000e(j). Even assuming, however, that an analogy could be drawn to religious discrimination cases, the seniority system would have to be respected. *Trans World Airlines, Inc. v. Hardison,* 432 U.S. 63, 79, 97 S.Ct. 2264, 2274, 53 L.Ed.2d 113 (1977).

Plaintiff has also alleged a claim of disparate treatment based on the employer's refusal to grant her a travel deferment upon the recommendation of a chiropractor. The employer stated under oath that during the period of the plaintiff's employment, only two males in her job classification were granted travel deferments and neither deferment was on the basis of a chiropractor's recommendation. Plaintiff's sworn statements that she had been told by someone else that he had earlier been granted such a travel deferment were insufficient to create a genuine issue of material fact under Fed.R.Civ.P. 56. *See British Airways Board v. Boeing Co.,* 585 F.2d 946, 951–53 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).

Affirmed.